UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRYSZTOF KOSIERADZKI, ET AL., | : : | |
|     Plaintiffs, | : : | No. 3:20-CV-01338 (VLB) |
| v. | : : : | April 1, 2021 |
| EVERSOURCE SERVICE ENERGY COMPANY, | : : | |
|     Defendant. | : : : | |

**MEMORANDUM OF DECISION ON PLAINTIFFS' MOTIONS
TO AMEND THE COMPLAINT, TO SUBSTITUTE A PARTY,
AND TO REMAND TO STATE COURT [ECF NOS. 15, 16, 17]**

**Background**

This putative class action was filed by Plaintiffs Krysztof Kosieradzki, Stan Baker d/b/a Acupuncture of Greater Hartford, and Michael O'Neill on behalf of themselves and other Connecticut home and business owners who were customers of Defendant Eversource Energy Service Company, and who lost electrical power during Tropical Storm Isaias, which hit Connecticut on August 4, 2020 (the "Outage"). [ECF No. 1 (Complaint) ¶¶ 1-8]. Plaintiffs filed their complaint and summons with a return date of September 1, 2020 in Connecticut Superior Court in the Hartford Judicial District, and on September 9, 2020, Defendant removed the case to this Court. [ECF No. 1].

The case was originally assigned to the Honorable Robert N. Chatigny but was transferred to the Honorable Janet Bond Arterton on September 16, 2020. [ECF No. 10]. On September 29, 2020, Plaintiffs filed a Motion to Amend the Complaint,

1

a Motion to Substitute Party, and a Motion to Remand to State Court. [ECF Nos. 15, 16, 17]. On October 15, 2020, the case was reassigned to the Honorable Jeffrey A. Meyer. [ECF No. 21]. On November 18, 2020, Defendant opposed Plaintiffs' Motion to Amend and to Remand, and the next day the Court set the motions down for a hearing on December 21, 2020, which was continued to December 28, 2020. [ECF Nos. 25, 26, 27, 29]. On December 28, 2020, Judge Meyer recused himself from this matter, and on January 8, 2021, the case was transferred to the undersigned. [ECF Nos. 32, 34].[1]

## Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified as amended at 28 U.S.C. §§ 1332(d), 1453, 1711-15) ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Under CAFA,

---

[1] This court is a customer of Eversource but did not experience the Outage. The parties were notified of these facts and afforded an opportunity to move to recuse or disqualify but did not so.

2

"the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."  28 U.S.C. § 1332(d)(1)(D).

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a).  "In the absence of any apparent or declared reason ... such as undue delay, bad faith or dilatory motive on the part of the movant ... [or] undue prejudice to the opposing party by virtue of allowance of the amendment ... the leave sought should, as the rules require, be 'freely given.'"  *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## Discussion

### Plaintiffs' Complaint

Plaintiffs allege that "[o]n or about August 4, 2020, a tropical storm (hereinafter 'tropical storm' or 'the storm'), now known as Tropical Storm Isaiah, hit Connecticut.  This storm led to massive power outages throughout the state.  Most of those without power were customers of Eversource."  Complaint ¶ 8.

"Plaintiffs bring this action as a class action.  The class is comprised of homeowners and business owners who are similarly situated to the plaintiffs in that they:

a. are located in and conduct their business in Connecticut;
b. are customers of the defendant; and

3

>   c. lost their electrical power following the snowstorm[2] [sic: tropical storm] for an unreasonable period of time as described below." *Id.* ¶ 18.

"Plaintiffs believe . . . that the potential class number is likely in excess of one thousand businesses based upon the size of the area Eversource covers and its status as the largest electrical provider in the state," *id.* ¶ 19, and "[t]he amount in demand is more than $1.5 billion dollars [sic], exclusive of interest and costs." *Id.* (Statement of Amount in Demand).

### Defendant's Notice of Removal

On September 9, 2020, Eversource "g[ave] notice of its removal from the Superior Court of the State of Connecticut, Judicial District of Hartford, to this Court on the basis of diversity jurisdiction under CAFA."  [ECF No. 1 (Notice of Removal) at 1].  Eversource argued that the $5,000,000 amount in controversy requirement was met as Plaintiffs had, in their Statement of Amount in Demand, stated that the amount in controversy was "more than $1.5 billion."  *Id.* ¶¶ 4, 7. Eversource also argued that CAFA's "minimal diversity" requirement, whereby "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), was met because "the putative class includes homeowners who are 'citizens' of a state other than Connecticut but who own vacation and/or second homes along the Connecticut shoreline, the Northwest Hills of Litchfield County, and other areas of Connecticut," and because:

>   members of the putative class include businesses who are 'citizens' of a state other than Connecticut.  For example, the putative class contains businesses that have operating locations in Connecticut, but

---

[2] Plaintiffs' reference to a "snowstorm" is a "scrivener's error" that Plaintiffs seek to correct through their Amended Complaint.  [ECF No. 15 at 2-3].

>that are 'citizens' of a state or states other than Connecticut. Upon information and belief, this includes without limitation, local branches of national banks, retailers, and numerous other businesses with physical locations in Connecticut that are owned by corporations, limited liability partnerships, limited liability companies, and/or individuals who are not 'citizens' of Connecticut.

*Id.* ¶¶ 11-12.

### Plaintiffs' Motions to Amend, Substitute Party, and Remand

Plaintiffs move with consent to substitute "The Connecticut Light and Power Company d/b/a Eversource Energy (CL&P)" for originally named Defendant Eversource Service Energy Company, having now learned that CL&P is the "proper party defendant." [ECF No. 16 at 1-2]; *see also* [ECF No. 25 at 3 n.1].

Plaintiffs also move with consent to correct certain scrivener's errors in the original complaint, such as the term "snowstorm," which should have been "tropical storm." [ECF No. 15 at 1-3]; [ECF No. 25 at 3].

Plaintiffs also move, lacking consent, to amend their complaint "to *clarify* their original intent and definition of the 'putative class of homeowners and business owners' alleged in their original complaint affected by the tropical storm . . . to reflect a purely 'Connecticut-based' putative class of citizens and residents domiciled in Connecticut." [ECF No. 15 at 2-3 (emphasis in original)].

Specifically, in the Amended Complaint, Plaintiffs seek to add that this class action is brought "on behalf of all primary residents and/or citizens domiciled in the State of Connecticut." [ECF No. 15 (Proposed Am. Compl.) ¶ 2]. Plaintiffs also seek to change their Paragraph 18 class definition from "The class is comprised of

5

homeowners and business owners who are similarly situated to the plaintiffs in that they are located in and conduct their business in Connecticut," [ECF No. 1 (Compl.) ¶ 18(a)], to "The class is comprised of Connecticut Residents and/or Citizens domiciled in Connecticut who are *primary* homeowners and business owners who are similarly situated to the plaintiffs in that they are located in and conduct their business in Connecticut." [ECF No. 15 (Proposed Am. Compl.) ¶ 18 (emphasis in Proposed Amended Complaint)]. Plaintiffs state that:

> The purpose of the Amended Complaint in addition to substitute and name the proper party defendant is to clarify the original intent of the covered litigated class description of the putative class in the original complaint as 'citizens' of Connecticut instead of 'residents' of Connecticut; and would constitute a 'clarification' for jurisdictional purpose and not an [sic] true amendment for jurisdictional purpose; thereby allowing the Court to consider the Amended Complaint in determining a remand back to state court. The purpose of the plaintiffs' Amended Complaint is to clarify issues pertaining to jurisdiction under CAFA and not for the purpose of eliminating a federal question to avoid federal jurisdiction.

[ECF No. 15 at 11 (citing *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015) ("[w]here a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate.")].

Plaintiffs also move to remand this case to state court. [ECF No. 17]. Plaintiffs argue generally that "[t]he defendant bears 'the burden of demonstrating the propriety of removal,'" *id.* at 4 (quoting *Grimo v. BlueCross/BlueShield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)), "all factual and legal issues must be resolved in favor of the plaintiff," *id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F. 3d 459,

6

461 (2d Cir. 1998)), and "[u]nless the removing party can establish subject matter jurisdiction through 'competent proof,' 'the party seeking remand is *presumed to be entitled* to it' and remand is mandatory." *Id.* at 4-5 (emphasis in Motion to Remand) (quoting *Brown v. Diversified Maint. Sys.*, No. 16-CV-230, 2016 WL 3207712, at *2 (W.D.N.Y. June 9, 2016) (quoting *Bellido-Sullivan v. AIG, Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000)).

In specific, Plaintiffs argue that CAFA's "home state exception" requires the Court to remand the case to state court "when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state. 28 U.S.C. § 1332(d)(4)(A); and/or where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(B)."  [ECF No. 17 at 6].  Plaintiffs argue that this mandatory CAFA removal exception is met because their class definition, as amended, excludes Connecticut residents, and therefore plaintiffs, domiciled out-of-state, *id.* at 6-9, which means that "more than two-thirds of the putative class members are citizens of the state where the action was filed," and even if Connecticut residents domiciled out-of-state are included, they do not amount to more than one-third of the potential plaintiff class member population.  *Id.* at 9-11.  "Therefore, the Court shall decline jurisdiction and remand this truly *intrastate* matter back to State Court."  *Id.* at 11 (emphasis in original).

7

**Defendant's Opposition**

As mentioned, Eversource consents to Plaintiffs' Motion to Substitute Party and to Plaintiffs' correcting scrivener's errors in the original complaint, but Eversource opposes Plaintiffs' Motion to Amend to the extent it seeks to change or "clarify" the class definition and opposes Plaintiffs' Motion to Remand. [ECF Nos. 25, 26].

Eversource concedes that "permission to amend should be freely granted," [ECF No. 25 at 4-5 (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990))], but argues that the Court should deny Plaintiffs' Motion to Amend because "Plaintiffs' supposed 'clarification' is an improper attempt to defeat diversity and divest this Court of federal jurisdiction in support of their Motion to Remand to Connecticut state court, which was filed on the same day as the Motion to Amend." Eversource contends amendment which has the effect of defeating this Court's jurisdiction "is not permitted under established law regarding CAFA jurisdiction and would prejudice Eversource's right to have this case heard in federal court." *Id.* at 3-4.

Eversource argues that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)), and argues that Plaintiffs' reliance on *Benko* is misplaced.

8

In *Benko*, Eversource argues, the Ninth Circuit affirmed the District Court's grant of a motion to amend, but that motion was brought to clarify the nature of the *Defendant*, not to change the class definition. [ECF No. 25 at 7]. "*Benko* is not, as the Plaintiffs in this case would suggest, an open invitation to amend, nor does it provide an avenue to change substantive allegations to avoid federal jurisdiction." *Id.* Rather, Eversource argues, the Ninth Circuit clarified *Benko* in *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274 (9th Cir. 2017), where the plaintiffs, as here, sought to amend their complaint to limit the class to "*only* 'California citizens,' in order to eliminate minimal diversity." [ECF No. 25 at 8 (emphasis in Opposition)]. The Ninth Circuit explained:

> *Benko* itself recognized that CAFA 'favors federal jurisdiction' and that only certain 'CAFA-specific issues,' such as whether a particular in-state defendant was 'significant,' that were highly unlikely to be addressed in a state court complaint, justified allowing amendments. . . . It was only under those limited circumstances, where the 'plaintiffs can provide a federal court with the information' that amendments that could potentially affect jurisdiction were allowed. . . . *A class definition, however, will always be present in any class action complaint, state or federal*. The amendment in this case did not merely provide relevant information. It changed the nature of the action.

*Id.* at 8-9 (quoting *Broadway Grill*, 856 F.3d at 1278) (emphasis in Opposition).

Eversource summarizes that Plaintiffs here are attempting to do what the Ninth Circuit disallowed in *Broadway Grill*, namely, to amend their complaint to limit the class to those domiciled in Connecticut, i.e. Connecticut citizens, so as to defeat federal subject matter diversity jurisdiction and require remand to state court. *Id* at 9. "The only purpose for Plaintiffs' amendment is to prejudice

9

Eversource by depriving it of minimal diversity and federal jurisdiction. Therefore, as in *Broadway Grill*, the Court should not allow such an amendment." *Id.*

As far as Plaintiffs' Motion to Remand this case to state court, Eversource argues that its removal to this Court was proper because the original Complaint included in the proposed class numerous non-citizens of Connecticut, meaning that "minimal diversity" for CAFA purposes was satisfied. [ECF No. 26 at 1-8]. This is because, Eversource argues:

> Given the scope of the outages occasioned by Tropical Storm Isaias, coupled with what is known to Eversource about its customer base, minimal diversity is satisfied because there are members of the putative class that include individuals, corporations, and other business organizations who, upon information and belief, are citizens of a state other than Connecticut. For example, the putative class includes individuals who are citizens of other states and own vacation homes in Connecticut (along the Connecticut shore, in the northwestern hills, and other areas), as well as businesses that have operating locations in Connecticut but are citizens of other states for diversity purposes. (Notice of Removal, ¶¶10-12). Therefore, this case is minimally diverse as required by CAFA and the Motion to Remand must be denied.

*Id.* at 7-8.

Eversource argues that the only way removal could have been improper is if the "home state exception" to CAFA federal court jurisdiction applied, the burden of proof of which rests with Plaintiffs. "[O]nce the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of demonstrating that remand is warranted on the basis of one of the enumerated exceptions." *Id.* at 8 (quoting *Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010)). Plaintiffs fail to meet this burden because they "are required to show by a fair preponderance of *evidence* that two-thirds of

10

class members are Connecticut citizens" but "[t]hey have failed to do so." *Id.* (emphasis in original). This is because "Plaintiffs simply have failed to offer any evidence of domicile as to the members of the putative class. They have provided no affidavits, data, business filings, or other evidence to demonstrate where the individual putative class members are physically present and intend to stay. Nor is there any such evidence concerning the nerve center(s) of business class members." *Id.* at 9. "The Plaintiffs have not come close to proving that two-thirds or more of putative class members are Connecticut domiciliaries, which is required under the local controversy and home-state exceptions. For that reason alone, the Motion to Remand should be denied." *Id.* at 9-10. Eversource also takes issue with Plaintiffs' claim that they, in their Motion to Amend, are merely clarifying their original intent in defining their proposed class:

> Plaintiffs improperly seek to alter the class definition that they themselves drafted by inviting the Court to look beyond their pleading and analyze their so-called 'original intent.' . . . Plaintiffs cite no authority permitting a court to infer a party's alleged 'original intent,' and the Court should not do so here where the alleged 'original intent' is completely at odds with what has been pled. To do so would go against established law that 'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.' *Dart Cherokee Basin Operating Co., LLC v. Owens*, supra, 574 U.S. at 89. When a party invokes a court's subject matter jurisdiction under CAFA, a court must give strong preference to the resolution of interstate class actions in federal court. *See Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ('CAFA grants broad federal jurisdiction over class actions,' and it has 'a strong preference that interstate class actions . . . be heard in a federal court.').

[ECF No. 26 at 10-11].

Finally, Eversource argues that the Court should disregard Plaintiffs' Motion to Amend because it is well-established that the propriety of removal is determined

11

at the time of removal, not after that point. "A case is removable when the *initial pleading* enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, [the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." [ECF No. 26 at 11 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (emphasis in Opposition) and citing other cases holding the same)]. Therefore, amendments to defeat removal are disallowed in all Circuits, including the Second Circuit. *Id.* at 12 (citing *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 102 (2d Cir. 2015) ("jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations") and similar cases from other Circuits)).

### Analysis

For the following reasons, the Court grants Plaintiffs' Motion to Substitute Party, and grants Plaintiffs' Motion to Amend insofar as it applies to "scrivener's errors" found in Plaintiffs' original Complaint, but denies Plaintiffs' Motion to Amend to "clarify" or change the definition of Plaintiffs' proposed class, and denies Plaintiffs' Motion to Remand.

First, while it is well-established that the burden to show that removal is proper is on the party removing the complaint, *Grimo*, 34 F.3d at 151, it is also clear that the propriety of removal is determined when the case is removed to federal court in the first place. "A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so

that in its petition for removal, [the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." *Whitaker*, 261 F.3d at 205–06. "[T]he propriety of removal is to be determined by the pleadings *at the time of removal*." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (emphasis added) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

Here, at the time of its removal pursuant to CAFA, this case was properly removed because "minimal diversity" was shown by Eversource in its Notice of Removal and in the original Complaint. The original Complaint defined the proposed class, in relevant part, as "homeowners and business owners who are similarly situated to the plaintiffs in that they are located in and conduct their business in Connecticut." Compl. ¶ 18(a). Eversource stated in its Notice of Removal that "members of the putative class of homeowners include individuals, partnerships, and corporations who are 'citizens' of a state other than Connecticut. For example, the putative class includes homeowners who are 'citizens' of a state other than Connecticut but who own vacation and/or second homes along the Connecticut shoreline, the Northwest Hills of Litchfield County, and other areas of Connecticut," and "members of the putative class include businesses who are 'citizens' of a state other than Connecticut [such as] businesses that have operating locations in Connecticut, but that are 'citizens' of a state or states other than Connecticut. Upon information and belief, this includes without limitation, local branches of national banks, retailers, and numerous other businesses with physical locations in Connecticut that are owned by corporations, limited liability

13

partnerships, limited liability companies, and/or individuals who are not 'citizens' of Connecticut." [ECF No. 1 ¶¶ 11-12]. The Court agrees.

For subject matter jurisdiction under CAFA, minimal diversity is met "where at least one plaintiff and one defendant are citizens of different states," *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006), and per the CAFA statutory text, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). Here, Plaintiffs defined the class as merely "homeowners" who are "located in" Connecticut, and "business owners" who "conduct their business in Connecticut." But as Eversource suggests, "diversity jurisdiction is based upon the citizenship of parties, not where they reside, conduct business, or are located." [ECF No. 26 at 6]. "For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: '(1) physical presence in a state and (2) the intent to make the state a home.'" *Praileau v. Fischer*, 930 F. Supp. 2d 383, 395 (N.D.N.Y. 2013); *see also* 13E Wright & Miller, Federal Practice & Procedure § 3612 (3d ed.) ("[A] natural person normally acquires a domicile voluntarily by residing in a place with an intention to remain there indefinitely.").

And for a business, citizenship for diversity purposes is both the state of incorporation and where the principal place of business is located. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of

14

business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015).

Plaintiffs' proposed class, as defined in the original Complaint, includes according to Eversource, upon information and belief, individuals and businesses that are citizens of states apart from Connecticut. CAFA minimal diversity jurisdiction may be based on a removing party's "information and belief." *See Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading; [therefore, a] party's allegation of minimal diversity may be based on 'information and belief' [and] the pleading 'need not contain evidentiary submissions.'") (quoting *Dart Cherokee*, 574 U.S. at 87-88)).

This comports with the Court's common sense. Not every homeowner in the State of Connecticut is domiciled there, nor is every business operating in the State of Connecticut incorporated there or having its principal place of business there. Because of that, the Court finds that minimal diversity was satisfied when Eversource removed the case to this Court.

Plaintiffs concede as much when they move to amend their Complaint "to clarify the original intent of the covered litigated class description of the putative

15

class in the original complaint as 'citizens' of Connecticut instead of 'residents' of Connecticut." [ECF No. 15 at 11].

Eversource argues that Plaintiffs have the burden to establish that one of the exceptions to CAFA jurisdiction requires remand. [ECF No. 26 at 9]. The Court agrees. CAFA requires the Court to decline jurisdiction over a class action if "greater than two-thirds of the members of the proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(I). Here, despite filing their Motions to Amend and Remand on September 9, 2020, Plaintiffs have proffered no evidence whatsoever even suggesting that this criterion is met, either in or with their Motions, or since their filings.

Plaintiffs claim that "[t]he purpose of the plaintiffs' Amended Complaint is to clarify issues pertaining to jurisdiction under CAFA and not for the purpose of eliminating a federal question to avoid federal jurisdiction." [ECF No. 15 at 11]. Plaintiffs may only intend to "clarify" their proposed class definition and not to "avoid federal jurisdiction," but that would be the exact consequence of the Court allowing Plaintiffs' Motion to Amend. Were the Court to grant Plaintiffs' Motion to Amend *in toto*, Plaintiffs' proposed class would consist only of citizens of Connecticut, individuals and businesses alike, and even minimal diversity would be defeated, requiring a remand to state court. Such a remand would be improper for several reasons. First, cases brought under CAFA are preferably litigated in federal court:

16

> **In remanding the case to state court, the District Court relied, in part, on a purported 'presumption' against removal. We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. CAFA's primary objective is to ensure Federal court consideration of interstate cases of national importance. S. Rep. No. 109–14, p. 43 (2005) (CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.').**

*Dart Cherokee*, 574 U.S. at 89; *see also Westerfeld*, 621 F.3d at 822 ("CAFA grants broad federal jurisdiction over class actions," and it has "'a strong preference that interstate class actions . . . be heard in a federal court.'"). Second, the Court has no doubt that if Plaintiffs were to successfully litigate their claims to conclusion with a judgment on one or more counts against Eversource, remand of this case to state court only against citizens of Connecticut would leave the presumably hundreds of non-citizen individuals and businesses located in Connecticut who lost power from Eversource during Tropical Storm Isaias without remedy, or at least with a remedy much delayed and decidedly inefficiently procured. If Eversource is indeed at fault and liable to Plaintiffs and their fellow class members for some wrongdoing associated with Isaias, it will be most efficient for all involved to litigate this case here, now. Finally, Plaintiffs' cited *Benko* case is inapposite. Not only is it non-binding on this Court, but, as Eversource notes, the Ninth Circuit clarified *Benko* to mean that amendments may be allowed to clarify CAFA-specific issues, such as the nature of a *Defendant* for jurisdiction purposes, but not to change a class definition. *Broadway Grill*, 856 F.3d at 1278. District Courts in this Circuit have noted *Broadway Grill's* clarification of *Benko* and denied plaintiff motions to amend and remand. *See Romano v. Northrop Grumman Corp.*, No. 16-

17

5760 (DRH), 2017 WL 6459458, at *5 (E.D.N.Y. Dec. 15, 2017) (noting that "[t]he limited nature of *Benko*'s holding was recently reinforced by the Ninth Circuit" in *Broadway Grill* and denying plaintiff motions to amend and remand).

Moreover, even if the Court allowed the amendment, the motion to remand would still be improper. "Every circuit that has addressed the question has held that post-removal amendments do not oust CAFA jurisdiction." *Louisiana v. Amer. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 F.3d (5th Cir. 2014)); *In Touch Concepts*, 788 F.3d 98, 102 (2d Cir. 2015) ("jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations."); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010) ("[J]urisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate class allegations ... [as] allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation."); *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1215 (8th Cir. 2001) (district court abused discretion in granting plaintiff's motion to voluntarily dismiss putative class action without considering whether the motion was improper forum-shopping; district court could have concluded it was such an attempt as plaintiff's expressed intent was to amend his complaint in order to avoid federal jurisdiction).

### Conclusion

For all of the above reasons, this court must deny Plaintiffs' motion to amend to clarify or change the class definition and deny Plaintiffs' motion to remand the

18

case. Plaintiffs' motion to substitute party is granted, and Plaintiffs may file an amended complaint correcting scrivener's errors.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: April 1, 2021